UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TERESA A. AGUILERA, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 1:16CV120 SNLJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In the instant motion, movant claims that the new Supreme Court case of *Johnson v. United States*, 135 S.Ct. 2551 (2015), decided in June of 2015, should be applied to his case in order to reduce his sentence. The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA.

On August 26, 2011, movant pled guilty to armed bank robbery, possession of a firearm in furtherance of a crime of violence and being convicted in possession of a firearm. *See United States v. Aguilera*, No. 1:11CR0041 SNLJ (E.D. Mo. 2011). On December 12, 2011, the Court sentenced movant to a total term of 100 months' imprisonment and five years' supervised release. Movant did not appeal. *Id.*

On November 6, 2013, movant filed a motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255. *See Aguilera v. United States*, No. 1:13CV162 SNLJ (E.D.Mo. 2013). The Court dismissed movant's motion to vacate as time-barred on December

26, 2013 and denied movant a certificate of appealability. *Id.* Movant did not appeal the dismissal.

Movant filed the instant motion to vacate on May 26, 2016, in her criminal case by dropping it in her prison mailing system. The Court converted the criminal motion to a proper motion to vacate, pursuant to 28 U.S.C. § 2255 on June 6, 2016.

> Under 28 U.S.C. § 2255:
>
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Movant submitted her successive § 2255 motion without the required certification. When a second or successive habeas petition is filed in a district court without the authorization of the court of appeals, the court should dismiss it, or, in its discretion, transfer the motion to the appellate court so long as it is in the interests of justice. *Boyd v. U.S.*, 304 F.3d 813, 814 (8th Cir. 2002).

As this matter is relatively time sensitive and it appears that movant has a tenable claim for relief under *Johnson*, the Court finds that it is in the interest of justice to transfer movant's petition to the Eighth Circuit Court of Appeals as a request to file a second or successive § 2255 motion based on *Johnson*, and its new law ruling.

Accordingly,

**IT IS HEREBY ORDERED** that the instant motion to vacate is **DENIED**, without prejudice, because movant did not obtain permission from the court of appeals to bring the motion in this Court. *See* 28 U.S.C. § 2255(h).

**IT IS FURTHER ORDERED** that the Clerk shall **TRANSFER** the instant motion to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. § 1631.

**IT IS FURTHER ORDERED** that the Clerk is directed to forward a copy of this Order to the Federal Public Defender.

Dated this 7th day of June, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE